UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (SPRINGFIELD)

Michael Camacho, )
    Plaintiff, )   14cv30
)
v. ) Complaint for Injunction
) Complaint for Damages
J.P. Morgan Chase, )
    Defendant. )

## NAME AND ADDRESSES

Plaintiff, Michael Scott Camacho, lives in Belchertown, Massachusetts.

Defendant, J.P. Morgan Chase, is a corporation incorporated under the laws of Delaware and having a registered office at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, and is licensed to conduct business in the United States of America, including Massachusetts.

## JURISDICTION

This court has jurisdiction of the subject matter of these claims under 28 U.S.C. § 1331 because defendant committed violations of the Truth in Lending Act against plaintiff 20 or more times. This court also has jurisdiction over common law claims under 28 U.S.C. § 1332. This court has jurisdiction over defendant because it continuously and systematically engages in business in the Commonwealth of Massachusetts.

## ALLEGATIONS

1. Defendant falsely reported disputed debt as being legitimate and delinquent to the U.S. Internal Revenue Service. Defendant did so without conducting a reasonable and timely investigation into the dispute.
2. Defendant falsely reported disputed debt as being legitimate and delinquent to Experian Information Solutions, Inc. Defendant did so without conducting a reasonable and timely investigation into the dispute.
3. Defendant falsely reported disputed debt as being legitimate and delinquent to Transunion LLC. Defendant did so without conducting a reasonable and timely investigation into the dispute.
4. Defendant falsely reported disputed debt as being legitimate and delinquent to Equifax Inc. Defendant did so without conducting a reasonable and timely investigation into the dispute.
5. Defendant is liable for electing to falsely cancel debt with the IRS in order to pay fewer taxes and thereby using plaintiff's account as a mechanism for tax evasion.
6. Defendant authorized a collections agency to wake up plaintiff to threaten repercussions for failure to pay the disputed debt by calling plaintiff prior to 6:00 a.m., and thereby harassing plaintiff.
7. Defendant failed to release plaintiff from liability after endorsing a check paid in consideration of such release.

8. Defendant failed to provide billing statements as requested on several occasions.
9. Defendant failed to conduct a reasonable investigation into a disputed charge of $54.20.
10. Defendant failed to conduct a reasonable investigation into a disputed charge of $138.11.
11. Defendant failed to conduct a reasonable investigation into a disputed charge of $116.80.
12. Defendant failed to conduct a reasonable investigation into a disputed charge of $323.39.
13. Defendant failed to conduct a reasonable investigation into a disputed charge of $6.99.
14. Defendant failed to conduct a reasonable investigation into a disputed charge of $1,792.97.
15. Defendant failed to conduct a reasonable investigation into a disputed charge of $250.00.
16. Defendant failed to conduct a reasonable investigation into a disputed charge of $1,900.65.
17. Defendant failed to conduct a reasonable investigation into a disputed charge of $100.
18. Defendant failed to conduct a reasonable investigation into a disputed charge of $6.99.
19. Defendant failed to conduct a reasonable investigation into a disputed charge of $396.30.
20. Defendant has a financial interest in not conducting reasonable investigations into disputes since it cannot collect interest on credit that is extended for a vendor's illegitimate claim, and is therefore incapable of conducting reasonable investigations.

### RELIEF

Defendant should be enjoined from falsely reporting disputed debt to credit agencies, the IRS, and any other entity that it has made false representations to. Defendant is liable for 20 or more violations of the Truth in Lending Act as well as punitive damages and intentional infliction of emotional distress for this extreme and outrageous established pattern or practice of such failures. Defendant is also liable for defamation, failure to return money, harassment, intentional misrepresentation, and any other common law or other violations the court may deem appropriate. Plaintiff is entitled to money damages in the amount of $260,505.68. Plaintiff is also entitled to court costs, attorney fees, and any further fees or relief, which the court may deem appropriate.

### JURY

I claim a trial by jury only if I am unable to do so later.

_5 March 2014_

Michael Camacho
Belchertown, MA 01007
(978) 239-5089