UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (SPRINGFIELD)

Michael Camacho, )
    Plaintiff, )
)
v. ) Amended Allegations and
) Damages
J.P. Morgan Chase, )
    Defendant. )

## ALLEGATIONS

1. **Defendant falsely reported disputed debt as being legitimate and delinquent to the U.S. Internal Revenue Service. Defendant did so without conducting a reasonable and timely investigation into the dispute.**
2. **Defendant falsely reported disputed debt as being legitimate and delinquent to Experian Information Solutions, Inc. Defendant did so without conducting a reasonable and timely investigation into the dispute.**
3. **Defendant falsely reported disputed debt as being legitimate and delinquent to Transunion LLC. Defendant did so without conducting a reasonable and timely investigation into the dispute.**
4. **Defendant falsely reported disputed debt as being legitimate and delinquent to Equifax Inc. Defendant did so without conducting a reasonable and timely investigation into the dispute.**
5. **Defendant is liable for electing to falsely cancel debt with the IRS in order to pay fewer taxes and thereby using plaintiff's account as a mechanism for tax evasion.**
6. Defendant authorized a collections agency to wake up plaintiff to threaten repercussions for failure to pay the disputed debt by calling plaintiff prior to 6:00 a.m., and thereby harassing plaintiff.
7. **Defendant failed to release plaintiff from liability after endorsing a check paid in consideration of such release.**
8. **Defendant failed to provide billing statements as requested on several occasions.**
9. **Defendant failed to conduct a reasonable investigation into a disputed charge of $54.20.**
10. Failure to send written acknowledgement of this dispute within 30 days.
11. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
12. **Defendant failed to conduct a reasonable investigation into a disputed charge of $138.11.**
13. Failure to send written acknowledgement of this dispute within 30 days.
14. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
15. **Defendant failed to conduct a reasonable investigation into a disputed charge of $116.80.**
16. Failure to send written acknowledgement of this dispute within 30 days.

17. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
18. **Defendant failed to conduct a reasonable investigation into a disputed charge of $323.39.**
19. Failure to send written acknowledgement of this dispute within 30 days.
20. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
21. **Defendant failed to conduct a reasonable investigation into a disputed charge of $6.99.**
22. Failure to send written acknowledgement of this dispute within 30 days.
23. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
24. **Defendant failed to conduct a reasonable investigation into a disputed charge of $1,792.97.**
25. Failure to send written acknowledgement of this dispute within 30 days.
26. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
27. **Defendant failed to conduct a reasonable investigation into a disputed charge of $250.00.**
28. Failure to send written acknowledgement of this dispute within 30 days.
29. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
30. **Defendant failed to conduct a reasonable investigation into a disputed charge of $1,900.65.**
31. Failure to send written acknowledgement of this dispute within 30 days.
32. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
33. **Defendant failed to conduct a reasonable investigation into a disputed charge of $100.**
34. Failure to send written acknowledgement of this dispute within 30 days.
35. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
36. **Defendant failed to conduct a reasonable investigation into a disputed charge of $6.99.**
37. Failure to send written acknowledgement of this dispute within 30 days.
38. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.
39. **Defendant failed to conduct a reasonable investigation into a disputed charge of $396.30.**
40. Failure to send written acknowledgement of this dispute within 30 days.
41. Failure to correct or investigate and send written notice explaining why it finds that there was no billing error.

## RELIEF

Defendant should be enjoined from falsely reporting disputed debt to credit agencies, the IRS, and any other entity that it has made false representations to. Defendant is liable for 41 or more violations of the Truth in Lending Act as well as punitive damages and intentional infliction of emotional distress for this extreme and outrageous established pattern or practice of such failures. Defendant is also liable for defamation, failure to return money, harassment, intentional misrepresentation, and any other common law or other violations the court may deem appropriate. Plaintiff is entitled to money damages in the amount of $479,655.68 or more. Plaintiff is also entitled to court costs, attorney fees, and any further fees, relief, or remedies that the court may deem appropriate.

My address has changed to 102 Stonington Road, Norwich, CT, 06360, Apt A203.

## JURY

I claim a trial by jury only if I am unable to do so later.

30 May 2014

Michael Camacho
(504) 810-9733