UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(SPRINGFIELD)

| | |
|---|---|
| MICHAEL CAMACHO<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J.P. MORGAN CHASE,<br><br>　　　　Defendant. | CIVIL ACTION No. 3:14-cv-30042-MGM |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff's misplaced Motion for Default Judgment ("Motion") must be dismissed, as the time for Defendant Chase Bank USA, N.A. (erroneously sued herein as JPMorgan Chase Bank, N.A.) ("Chase") to respond to Plaintiff's complaint has not even begun to run. Rather, it is Plaintiff's failure to comply with the Court's September 23, 2014 Order Granting in Part Chase's Motion for More Definite Statement ("September 23 Order") that is responsible for the fact that Chase has not yet responded to the complaint. Chase has appeared and is ready to defend this action but its duty to respond should only arise after Plaintiff amends his complaint in accordance with the September 23 Order.

Further, even if the Motion were properly filed—which it was not—policy reasons strongly disfavor granting motions for default rather than a decision on the merits. Plaintiff has further failed to comply with this Court's Local Rules by failing to meet and confer with Chase prior to filing this Motion, which also weighs in favor of denying Plaintiff's request for default. For these reasons, Plaintiff's Motion should be denied.

**PROCEDURAL HISTORY**

On March 10, 2014, Plaintiff filed his initial complaint in this matter. That complaint was never served on Chase. On June 2, 2014, Plaintiff filed his Amended Complaint, which was served on Chase on June 17, 2014. On June 30, 2014, Chase filed a Motion for More Definite Statement asserting that due to Plaintiff's failure to identify any loan or account with Chase in the Amended Complaint, Chase was unable to respond to the Amended Complaint. The motion also asserted that because Plaintiff had not identified any particular cause of action, Chase could not properly respond to the Amended Complaint. On July 11, 2014, Plaintiff opposed the Motion for More Definite Statement. On September 23, 2014, the Court entered an order on the Motion for More Definite Statement granting the motion in part by requiring Plaintiff to file a more definite statement identifying "a specific loan and/or account numbers which form the basis for every claim," and denying the motion in part, holding that "[t]he pleadings filed state sufficiently the causes of action."

Plaintiff was required to obey the Court's September 23 Order within "14 days after notice of the order." F.R.C.P. 12(e). Plaintiff failed to obey that Order, as he did not provide a more definite statement regarding the "specific loan and/or account numbers which form the basis for every claim" in the complaint by October 10, 2014, the deadline for doing so. F.R.C.P. 12(e). In fact, as of the date of this Opposition, more than 37 days after the September 23 Order, Plaintiff has yet to comply. Instead, Plaintiff filed the instant Motion for Default Judgment, erroneously asserting that Chase should be defaulted for failing to respond to the Amended Complaint.

**ARGUMENT**

I.  **THE TIME FOR CHASE TO RESPOND TO PLAINTIFF'S COMPLAINT HAS NOT YET RUN.**

The time for Chase to respond to Plaintiff's complaint has not even begun to run. This Court granted in part Chase's Motion for More Definite Statement, thus obligating Plaintiff to provide additional information to Chase that was necessary for Chase to be able to respond to Plaintiff's allegations. Specifically, Plaintiff failed to identify the "specific loan and/or account numbers which form the basis of every claim." September 23 Order. Plaintiff has not filed a second amended complaint containing that information. Chase still does not have the necessary information it needs to even understand or respond to Plaintiff's allegations—thus, there is no operative complaint in existence to which Chase must respond. As a result, the time for Chase to respond to the complaint has not even begun to run, let alone expire.

Plaintiff mistakenly claims that by providing an account number in his Opposition to Chase's Motion for More Definite Statement, he need not comply with the Court's September 23 Order. Motion for Default at 1. Plaintiff is wrong. First, the purported information provided in Plaintiff's Opposition to the Motion for More Definite Statement does not provide "a specific loan and/or account numbers which form the basis for *every* claim." September 23 Order (emphasis added). Instead, Plaintiff merely provides an account number without specifying whether this is the only account number that is relevant to all of the allegations in the complaint. Opposition to Motion for More Definite Statement at 2. Thus, the purported information Plaintiff provided in its Opposition to Motion for More Definite Statement falls short of the information required by the September 23 Order.

Second, Plaintiff's Opposition to the Motion for More Definite Statement was filed on July 11, 2014 – two months before the Court ruled on Chase's Motion for More Definite

Statement, and was available for the Court to consider before issuing its September 23 Order. The Court nevertheless granted in part Chase's Motion for More Definite Statement requiring Plaintiff to amend his complaint and made clear that any information previously provided by Plaintiff was insufficient. The Amended Complaint is missing critical and necessary information that the September 23 Order identifies, and Plaintiff has yet to provide such information.

Contrary to Plaintiff's assertion that a default is appropriate against Chase, it is Plaintiff's complaint that is in jeopardy. Based on Plaintiff's failure to comply with the September 23 Order, this Court has discretion to dismiss the Amended Complaint. F.R.C.P. 12(e); *see Cash Energy, Inc. v. Weiner*, 768 F. Supp. 892, 897 (D. Mass. 1991) (dismissal of plaintiff's complaint warranted if plaintiff fails to amend complaint with particular facts sufficient to support claims). Considering there are strong grounds supporting the dismissal of Plaintiff's Amended Complaint altogether based on his failure to comply with the September 23 Order, it would be manifestly unjust to grant a default judgment against Chase, as it is Plaintiff's own failure to comply with this Court's September 23 Order that has prevented the case from moving forward. The Motion for Default Judgment must be denied.

## II.  MOTIONS FOR DEFAULT JUDGMENT ARE DISFAVORED BY THE COURTS.[1]

Courts disfavor the disposition of cases by default judgment rather than by decisions on the merits. *See Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) ("As we have noted, federal law favors the disposition of cases on the merits, and, as a result, 'a default judgment is a drastic sanction that should be employed only in an extreme situation.'"). Default judgments are

---

[1] Plaintiff's motion for default judgment is also procedurally improper, as he failed to first obtain a default against Chase. F.R.C.P. 55(a). Moreover, even if Plaintiff had properly obtained entry of default against Chase, his Motion for Default Judgment is also defective, as the Amended Complaint does not support the requested amount in the Motion, Plaintiff fails to discuss damages in the Motion, and the Court should hold a hearing on such damages before entering any default judgment against Chase.

4

"ordinarily disfavored." *Steele v. Turner Broadcasting System, Inc.*, 746 F. Supp.2d 231, 235 (D. Mass. 2010) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)); *4 MVR, LLC v. Warren W. Hill Constr. Co., Inc.*, No. 12-10674-DJC, 2013 WL 310290 at *3 (D. Mass. Jan. 25, 2013). A "default judgment bars the defaulting party from denying the factual allegations in the complaint." *Steele*, 746 F.Supp.2d at 238. Such a result would prejudice Chase, especially here when Plaintiff has been ordered to provide additional information that is necessary for Chase to even understand or respond to the allegations in the complaint. Chase has appeared in this action and is ready to defend Plaintiff's claims but needs the requisite information from Plaintiff in an amended complaint in order to do so. Accordingly, the policy reasons disfavoring default judgment are applicable here, and Plaintiff's Motion for Default must be denied.

### III. PLAINTIFF FAILED TO MEET AND CONFER WITH CHASE PRIOR TO THE FILING OF THIS MOTION.

Plaintiff's Motion is also defective because he failed to meet and confer with counsel for Chase, as required by this Court's rules. "No motion shall be filed unless counsel certify that they have conferred and attempted in good faith to resolve or narrow the issue." Dist. of Mass. Local Rule 7.1. Absent from Plaintiff's Motion for Default is a certification of any meet and confer attempt, nor could there be, as Plaintiff failed to do so. Such meet and confer efforts could have avoided the filing of Plaintiff's Motion to Default altogether, as Plaintiff would have realized that he had failed to comply with the September 23 Order, and such compliance was necessary before Chase could respond to his complaint.

### CONCLUSION

For all the reasons set forth above, Chase respectfully requests that the Court deny Plaintiff's Motion for Default Judgment.

## REQUEST FOR ORAL ARGUMENT

Chase requests that oral argument be heard on Plaintiff's Motion for Default Judgment.

> Respectfully submitted,
> CHASE BANK USA, N.A., (erroneously sued herein as JPMORGAN CHASE BANK, N.A.)
> By its Attorneys,
>
> /s/ Todd S. Holbrook
> Todd S. Holbrook
> MORGAN, LEWIS & BOCKIUS LLP
> 225 Franklin Street, 16th Floor
> Boston, Massachusetts  02110
> Tel:     617.341.7888
> Fax:    617.341.7701
> Email:  tholbrook@morganlewis.com

Dated:  October 31, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, to those indicated as non-registered participants on October 31, 2014, and to the Plaintiff *via* regular mail at the below address as identified in Plaintiff's Motion for Default Judgment:

> Michael Camacho
> 3 Lantern Lane
> Lakeville, MA  02347

> /s/  Todd S. Holbrook
> Todd S. Holbrook