**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**(SPRINGFIELD)**

| | | |
|---|---|---|
| MICHAEL CAMACHO, | ) | |
| Plaintiff, | ) | Motion to Amend Complaint, Motion to Respond to Defendant's Motion to Dismiss. |
| v. | ) | |
| J.P. MORGAN CHASE, | ) | CIVIL ACTION No. 3:14-cv-30042-MGM |
| Defendant. | ) | |

## MOTION TO AMEND COMPLAINT

### Background Facts

JPMorgan Chase's (Chase) motion to dismiss demonstrates that Chase is intentionally continuing to avoid answering for or explaining its illegal behavior toward me. I have previously explained my allegations in detail to Chase during several calls, faxes, and other messages. Chase is a corporate person that has received actual notice of the following events, but since it ostensibly failed to disclose this to its attorneys, I would like to amend my complaint as follows:

I visited Greece and Eastern Europe in the Summer of 2011 during a time of regional and local hostilities. My Chase credit card, account number [redacted] 8957, was wrongfully charged during that time. The disputed charges and their approximate dates are $6.99 on 5/25/2011, $6.99 on 5/26/2011, $1,900.65 on 5/26/2011, $1792.27 on 5/27/2011, $250.00 on 5/30/2011, $100.00 around 6/1/2011, $396.30 on 7/24/2011, $323.39 on 7/29/2011, $116.80 on 8/12/2011, $138.11 on 9/14/2011, and $54.20 on 10/14/2011. I reported the first 6 disputes by email and the international phone number on the back of the Chase credit card in question

and then later by fax and internal message. I followed up on these and reported the remaining 5 disputes by phone and fax between 9/19/2011 and 9/28/2011.

On 11/7/2011, I submitted another written disclaimer of liability for these disputed amounts since Chase had not notified me of the findings of the investigations. On 6/13/2012, Chase notified me that it found in my favor in all of the investigations except for the $1,900.65 charge, which it was still investigating. Chase notified me that it was crediting me for the other disputed charges. I notified Chase that I would no longer be able to receive mail at the Massachusetts address but I could get notifications by phone or email address. I also requested that Chase send my billing statements and an itemized bill to my email address.

On 9/5/2012, I paid Chase the undisputed debt of $6,895.37 and the $1,570.43 of interest, providing that Chase would complete the investigation of the disputed $1,900.65 charge. On 3/1/2013, Chase notified me that it completed the investigation of the disputed $1,900.65 charge and that it found the charge to be valid. On the same day, I notified Chase that I would pay the disputed debt in order to stop interest from accruing but that I was still disputing the charge. On 3/22/2013, I filed a complaint with the Consumer Financial Protection Bureau (CFPB) that Chase's investigation of the disputed $1,900.65 charge was unreasonable because the vendor erroneously claimed that I used the service. On 4/2/2013, Chase retaliated against me by reversing all of the disputed charges that it claimed (on 9/5/2012) it had credited to me. This includes the $1,792.27 disputed charge that Chase misleadingly said on 6/13/2012 it had credited to me. Chase notified me that it actually had never completed the investigations for the disputed amounts and so it had previously misled me again on 6/13/2012 by claiming otherwise.

Chase and I engaged in settlement negotiations afterwards, through July 2013, but did not agree on a resolution. I was concerned that Chase had failed to investigate my claims and that this was illegal. On 8/27/2013, Chase notified me that it was investigating. On 11/1/2013, I requested and Chase agreed to send me the findings of the investigations and the bases of those findings. Chase did not send me the findings or bases. Instead, on 11/22/2013, Chase notified me that it was reporting to the credit reporting agencies (CRAs: Transunion, Equifax, Experian) and the Internal Revenue Service (IRS) that the disputed charges were delinquent. On 12/7/2013, I filed a complaint with the CFPB alleging that Chase falsely reported to these entities that my disputed debt was delinquent even though it had not completed an investigation prior to doing so. On 2/27/2013, Chase requested additional time to complete its investigations into the disputed amounts. On 2/28/2013, I notified Chase that I would file a lawsuit in federal court if it did not notify me that it completed its investigations by a deadline of 3/8/2013. Immediately after the deadline passed, I filed this complaint in the U.S. District Court for the District of Massachusetts in Springfield.

<u>**Legal Violations**</u>

**Complaint Allegations 1-4**: Chase reported the 11 disputed charges as being delinquent to the IRS and the three CRAs at the same time I was disputing these charges through CFPB complaints against Chase. The 11 charges falsely reported to these 4 entities constitutes 44 separate violations of 12 CFR 226.12(c)(2)2 and or 12 CFR 226.13(d)(2), which does not permit Chase to consider a dispute settled and report an amount disputed as delinquent or begin collection of the disputed amount until it has completed a reasonable investigation of the cardholder's claim.

**Complaint Allegation 5**: Chase intentionally reported disputed charges as being delinquent to the IRS, knowing that I was simultaneously disputing these through the CFPB complaints and otherwise. Therefore, Chase intentionally and knowingly reported disputed debt as being delinquent to the IRS, even though disputed debt cannot be considered delinquent without conducting a reasonable investigation. Thus, Chase violated the False Claims Act 11 times by intentionally reporting 11 charges to the federal government as being delinquent even though they were in dispute and Chase had not completed investigations of them.

**Complaint Allegation 6**: Chase notified me that it made collections calls to my phone number prior to 4/30/2013. Chase also notified me that it had permitted collections agencies to make collections calls to me between 5/2/2013 to 7/16/2013. These calls were also made to both of my parents. At least one call was prior to 6:00 AM. I was actively disputing the charges during these times. This constitutes violations of 12 CFR 226.12(c)(2)2 and or 12 CFR 226.13(d)(2). Chase should be held accountable harassing and for permitting collections agencies to harass me while I was disputing the charges that it was trying to collect. It should also be liable for the excessively early call prior to 6:00 AM.

**Complaint Allegation 7**: I notified Chase that I would pay $6,895.37 for what appeared to be undisputed debt and $1,570.43 of interest in consideration for Chase to complete the investigation on the $1,900.65 disputed charge. Chase previously wrongfully claimed that it would stop the interest so that I would not have to pay it. I paid $8,465.80 total but Chase failed to complete the investigations. Chase has violated contractual principals by accepting my

offer through cashing the check but failing to complete the investigation as agreed. Therefore, Chase should return the $8,465.80 payment for the undisputed debt and interest.

**Complaint Allegation 8**: On 6/13/2012 and at other times, I requested that Chase send me my billing statements for each of the disputed charges. Chase failed to do this. This constitutes at least 1 violation of 15 USC 1637(b), which requires Chase to transmit a statement for each billing cycle at the end of which there is an outstanding balance in that account. This also constitutes at least 1 violation of 226.13(a)(7).

**Complaint Allegations 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39**: I reported these disputed charges to Chase and Chase failed to complete any investigations. Moreover, Chase has not provided any valid reasons for its failure to do so. This constitutes 11 violations of 12 CFR 226.13(e), which requires Chase to correct the billing errors and credit my account with any disputed amount and related finance or other charges.

**Complaint Allegations 10, 13, 16, 19, 22, 25, 28, 31, 34, 37, 40**: Chase failed to timely send any acknowledgement of receipt of my disputes. This constitutes 11 violations of 12 CFR 226.13(c)(1), which requires Chase to mail or deliver written acknowledgement to the consumer within 30 days of receiving the billing error notice.

**Complaint Allegations 11, 14, 17, 20, 23, 26, 29, 32, 35, 38, 41**: On 11/1/2013 and at least once before this, Chase agreed to provide me with investigation findings and the bases for those findings in each of the 11 disputed amounts, but Chase failed to honor this agreement. This constitutes at least 11 violations of 12 CFR 226.13(f), which requires Chase to mail or deliver an explanation that sets forth the reasons for its belief that the billing error is incorrect and to provide copies of documentary evidence of the indebtedness.

**Statutory Damages**

Chase is liable for statutory damages for at least 79 violations of the aforementioned laws. According to 15 USC §1640(a), each failure makes Chase liable for a minimum of $500 and a maximum of $5,000 or more as may be appropriate in the case of an established pattern or practice of such failures. Chase should be held liable to at least $5,000 per violation because it has failed to investigate my claims several times but misled me to believe that it was investigating them and Chase is still failing to answer for its violations. 79 repeated violations multiplied by $5,000 per violation amounts to Chase being liable to me for a minimum of $395,000 in statutory damages.

**New Claims**

Chase failed to investigate the disputed charges after I reported them to the CRAs. The CFPB notified me on 12/8/2014 that all of the CRAs had been notified of this. The CRAs notified Chase as part of their procedures. Chase failed to investigate the disputed charges. This constitutes 3 violations of 15 USC 1681s-2(b), which requires Chase to perform certain duties to investigate and ensure the accuracy of disputed charges. These 3 violations multiplied by $5,000 per violation amounts to Chase being liable for a minimum of $15,000 more in statutory damages.

**Other Claims**

Chase is liable to return Plaintiff's conditional payment of $8,465.80. Chase is liable under the False Claims Act for reporting disputed debt to the IRS as being delinquent. Chase's repeated and continuous acts of ignoring and covering up its illegal behavior toward me have been extreme and outrageous. Chase is also liable for intentional infliction of emotional distress

because of the extreme and outrageous behavior toward me while I was under the stress of attending school and otherwise because this actually caused me severe emotional distress. Chase should also be liable for punitive damages for this extreme and outrageous behavior, especially since ignoring my disputes provides Chase with monetary incentives (tax deductions and interest accrued on invalid debt). These monetary incentives have most likely already induced Chase to ignore its investigative duties to other customers as well. Chase will have little incentive to conduct reasonable investigations into any disputed customer charges unless this court assesses punitive damages.

**Remedies**

Chase should be enjoined from reporting the disputed amounts as being delinquent to the CRAs, IRS, collections agencies, or any other entity. Chase should credit these disputed amounts and notify these entities that I am not liable for these amounts. Chase should return any tax deductions to the U.S. Treasury. Chase should also be enjoined from harassing me to pay these disputed amounts. Chase is liable for the aforementioned statutory damages of $410,000 ($395,000 + $15,000) and to return my payment of $8,465.80. Thus, Chase is liable to me for $418,465.80. Chase is also liable for violations of the False Claims Act, intentional infliction of emotional distress, punitive damages, court costs, attorney fees, and any other remedies that I am entitled to.

**MOTION TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

**This Court already told Defendant that the pleadings are sufficient**

Chase has filed a motion to dismiss because it alleges that my complaint fails to state any claim for relief. However, this court has already recognized and notified Chase that "the pleadings filed state sufficiently the causes of action." The court ruled that I notify Chase of my account number and I did so in responding to the motion within 14 days of service. Chase omitted this from the procedural history section of its motion to dismiss. This notified Chase of my account number as ordered by this court. Chase also had notice of this in the Consumer Financial Protection Bureau complaints filed just prior to this lawsuit. Chase has had sufficient information to respond to the complaint. However, Chase still refuses to respond.

**Sufficient Pleadings**

Chase argues that the pleadings are insufficient to state a claim for relief in reliance on Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662. However, these cases are inapplicable because they allege conduct that appears to be parallel with conspiracy but is actually legal conduct. They stand for the proposition that plaintiffs cannot sue defendants for behavior that is actually legal. I have alleged that I disputed 11 charges and Chase failed to conduct investigations; failed to send billing statements, findings, and bases; reported disputed debt as delinquent to the CRAs, to collections agencies, and to the IRS; reported false claims to the federal government; and failed to return my $8,465.80 after failing to timely complete the investigations as required. If these factual allegations are "taken as true" then Chase has acted illegally, as a matter of law, because they are statutory duties. See Soto-Torres v. Fraticelli, 654 F.3d 153 (1st Cir. 2011). Alleging that Chase failed to complete

these statutory duties with regard to specific charges "allows a reasonable inference that the defendant is liable for the misconduct alleged." Maddox v. Elsevier, Inc., 732 F.3d 77 (1st Cir. 2013). It is "common sense" that Chase's failure to follow the statutory duties is illegal. See id.

**Local Rule 7.1**

Chase had ample opportunity to confer with Plaintiff to get information in order to respond to the complaints. Chase failed to do so. Chase spoke with Plaintiff in a bad faith attempt to satisfy Local Rule 7.1 in order to get leave to file this motion to dismiss. Chase's team of attorneys could have asked any of the questions in its motion to dismiss in order to better answer the complaint but it did not. The team only had one question that was not even included in Chase's Motion to Dismiss. This shows that even though Chase's team "met" with Plaintiff on 11/25/2014, it did so in bad faith and obviously with no intention of resolving or narrowing the issues. This is especially appalling since Chase wrongfully claimed that Local Rule 7.1 applies to pro se parties but does not seem to believe that it applies to its team of attorneys.

Chase has violated statutory duties so it should not be permitted to dismiss the case for failure to state a claim. Chase had timely notice of all of these allegations and so it should not be permitted to dismiss the case for lack of knowledge. Moreover, Chase had sufficient time to request this information from me in accordance with Local Rule 7.1 and it failed to do so. I beg this court to deny Defendant's motion to dismiss.

Michael Camacho
(504) 810-9733

**CERTIFICATE OF SERVICE**

I, Michael Camacho, hereby certify that on 12/10/2014, I served copies of this Motion to Amend and Motion to Respond to Defendant's Motion to Dismiss on the following parties by way of email:

Todd Holbrook: tholbrook@morganlewis.com

Jeffrey Adams: jeffrey.adams@morganlewis.com