UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(SPRINGFIELD)

| | |
|---|---|
| MICHAEL CAMACHO, | ) |
| | ) Motion to Strike, |
| Plaintiff, | ) Motion for Default Judgment. |
| v. | ) |
| J.P. MORGAN CHASE, | ) |
| | ) CIVIL ACTION No. 3:14-cv-30042-MGM |
| Defendant. | ) |

## MOTION TO STRIKE

Plaintiff, Michael Camacho (Michael) requests the Court to strike the Answer[1] filed by Defendant-JPMorgan Chase (Chase) on October 26 (Answer), pursuant to the following Federal Rules of Civil Procedure (FRCP): Chase's defenses violate FRCP 12(f) for containing "an insufficient defense..." Chase's Answer violates FRCP 8(b)(1) for failing to provide "short and plain terms..." making it an insufficient responsive pleading. Even if Chase's evasive answers were construed as denials, they would violate FRCP 8(b)(2) for failing to "respond to the substance of the allegation[s]..." In support of this request, Michael relies upon the record in this case and the following Memorandum.

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

This is a simple case, yet Chase has pasted the following mantra all over its Answer: "lacks knowledge or information sufficient to form a belief." Chase Answer to 4th Amended Complaint (Chase Answer). After providing the account number, the

---

[1] This does not include Chase's admissions that Michael had a Chase credit card account ending in the numbers 8957, that certain charges appeared on the account, that Michael communicated with Chase on or about 11/7/2011, and that it received Michael's payment of $8,465.80 on 9/5/2012.

1

complaint should be specific enough. Nonetheless, Michael has provided much more detail, yet Chase still claims ignorance. If Chase truly needed more information then any of its several attorneys could have asked Michael for specific information or clarifications at any of their conferences. Most recently, on 11/12/2015, Michael sent an email notifying Chase that he would file a Motion to Strike its answer unless Chase either files a non-conclusory answer or sends Michael a list of specific questions it reasonably needs answered in order to be able to answer the complaint. Chase has failed to provide any list. Chase actually failed to respond at all. This lack of a response shows Chase's lack of desire and lack of need to obtain more information. Even if Chase had sought specific information or sent a list of questions, the following examples show why Chase does not need more information in order to admit or deny the allegations: Chase can figure out whether it sent Michael's billing statements to him for timeframes 5/15/2011-6/14/2011, 7/15/2011-8/14/2011 and 8/15/2011-9/14/2011. Chase can figure out whether it investigated any of the charges it admits appeared on Michael's account. Chase can figure out whether it reported any of these charges as being delinquent to the Credit Reporting Agencies (CRAs) or the U.S. Internal Revenue Service (IRS). Chase can figure out whether it reported to the IRS that it believed Michael to be liable for cancelled debt. Chase can figure out whether any of the CRAs notified Chase that Michael was disputing the debt. Chase can figure out whether it investigated the charges after the CRAs notified it of the disputes. Chase has not provided reasons why it cannot figure these things out, just that it can't. Chase's Answer should be stricken.

Michael moves to strike Chase's affirmative defenses because they do not assert facts but only legal conclusions. Any "affirmative 'defenses which amount to nothing

more than mere conclusions of law and are not warranted by any asserted facts have no efficacy."[2] Chase's affirmative defenses are only legal conclusions without supportive facts. See Chase Answer. Some of the affirmative defenses are directly repugnant of the law, like the unjust enrichment defense. See Chase Answer. Chase should be prohibited from using such "bald assertions" in answering complaints.[3]

Michael moves to strike Chase's Answer because it "failed to plead or otherwise defend" as required under FRCP 55. The phrase "'otherwise defend' refers to a motion challenging... the sufficiency of a pleading."[4] Chase's responsive pleading is insufficient. A default judgment is appropriate where Defendant merely provides a generalized answer.[5] Michael challenges the sufficiency of the Answer and believes Chase is being evasive and has filed the insufficient Answer in bad faith. Chase's evasiveness has wasted Michael's time and this Court's time and it is also highly unethical. Further, "it is well established that a defendant who fails to... otherwise defend against a Complaint admits every 'well plead allegation' of the complaint."[6] At a minimum, Chase should be ordered to specify exactly what information that it absolutely needs in order to respond and if Chase's response is unreasonable then a default judgment should be entered against Chase compelling admission to all of Michael's allegations. Alternatively,

---

[2] The 2nd Circuit in Shechter v. Comptroller of New York.
[3] See Shechter v. Comptroller of New York.
[4] The District of the Virgin Islands in Harrison v. Bornn, Bornn & Handy, citing Wright, Miller & Kane, 10A Federal Practice and Procedure § 2682, at 16-17 (3d ed. 1998). See District of Puerto Rico in Costas Elena v. Municipality of San Juan, quoting Bell Atl. Corp. v. Twombly ("defendant's answer 'must contain factual allegations sufficient to raise a right to relief above the speculative level.'").
[5] The 9th Circuit in Madsen v. Bumb (default judgment upheld for an answer that "consists of a mere general denial without facts to support it and is unverified...).
[6] DirectTV, Inc. v. Arnold, quoting Time Warner Cable of New York City v. Browne (citing Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971).

Michael requests for a judgment as a matter of law since his Fourth Amended Complaint and this Motion to Strike sufficiently specify the judgment sought and the law and facts that entitle him to a judgment as a matter of law, under FRCP 50(a)(2).

Michael Camacho
(504) 810-9733

## CERTIFICATE OF SERVICE

I, Michael Camacho, hereby certify that on 11/16/2015, I served copies of these Initial Disclosures on the following parties by way of email:

Todd Holbrook: tholbrook@morganlewis.com

Wayne E. George: wgeorge@morganlewis.com

Michelle Park Chiu: mchiu@morganlewis.com